UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO MARTINEZ VALENCIA, A-240-174-372,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>Respondents. | No. 1:26-cv-02255-DAD-EFB (HC)<br><br><br>FINDINGS AND RECOMMENDATIONS |

Pending before the court is petitioner's petition for writ of habeas corpus, in which petitioner, a noncitizen alien, challenges his detention under 28 U.S.C. § 2241. ECF No. 1. The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. For the reasons set forth below, the undersigned recommends the writ be granted.

## BACKGROUND

### A. Factual Background

In his verified petition, petitioner alleges that he is a citizen of Mexico who entered the United States in 2014, without inspection. ECF No. 11 ¶ 5. Since then, he has resided in California and had three children with his long-term partner. *Id*. ¶ 6. He is employed as a driver for a roofing company and financially supports his family. *Id*. ¶ 7. On September 23, 2025, Immigration and Customs Enforcement (ICE) arrested petitioner and charged him with violation of 8 U.S.C. § 1182(a)(6)(A)(i). *Id*. ¶ 8, Ex. 1. He alleges that he was not given notice or an

1

opportunity to be heard by a neutral arbiter before his arrest.  *Id*. ¶¶ 1, 22-23, 40.

In their Answer, respondents do not contest that petitioner entered the United States without inspection in 2014.  ECF No. 12 at 2.  Respondents represent that petitioner suffered criminal convictions in California courts in 2022 and 2025.  *Id*. at 2, Ex. 1.  Respondents agree that, on September 23, 2025, ICE agents arrested petitioner and charged him with removability under 8 U.S.C. § 1182(a)(6)(A)(i).  *Id*. at 2-3, Ex. 2.  Respondents contend that the notice was later amended to include petitioner's removability under 8 U.S.C. § 1182(a)(7)(A)(i)(I).  *Id*. at 3, Ex. 3.  Respondents do not dispute that petitioner is being detained throughout his removal proceedings, without opportunity for release.  *Id*. at 3.  Per respondents, petitioner's removability hearing was scheduled for April 22, 2026.  *Id*. at 3, Ex. 4.  The undersigned takes judicial notice that petitioner was ordered removed by an Immigration Judge on April 22, 2026, and an appeal to the Board of Immigration Appeals, if any, is due May 22, 2026.[1]

### B.  Procedural History

Petitioner initiated this proceeding with a petition for writ of habeas corpus on March 23, 2026, ECF No. 1, and filed concurrently a motion for appointment of counsel and to proceed in forma pauperis.  ECF Nos. 2-3.  The undersigned granted the latter two motions, ECF No. 5, and, on April 2, 2026, appointed counsel for petitioner.  ECF No. 7.  On April 13, 2026, petitioner filed an amended petition for writ of habeas corpus, ECF No. 11, and respondents filed an answer on April 15, 2026.  ECF No. 12.  Petitioner has not filed a reply brief and the time to do so has expired.  *See* ECF No. 5.

### LEGAL STANDARD

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law.  *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018).  The petitioner bears the burden to prove the

---

[1] Fed. R. Evid. 201; *Daniels-Hall v. National Edu. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (holding it was appropriate under Rule 201 for the district court to take judicial notice of information on a government website); *see, e.g., Argueta v. Walgreens Co.*, 760 F. Supp. 3d 1028, 1034 (E.D. Cal. 2024); *see* https://acis.eoir.justice.gov/en/caseInformation (last visited May 4, 2026, using petitioner's A-Number and nationality).

unlawfulness of his detention by a preponderance of evidence.  *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

## DISCUSSION

In his petition, petitioner asserts two claims for relief, alleging that his detention without a pre-arrest bond hearing violates his rights to due process (claim one) and is unlawful under the Immigration and Nationality Act (claim two).  The undersigned finds petitioner has demonstrated his entitlement to relief and recommends the writ be granted.

### 1. Claim One: Violation of Right to Due Process

In claim one, petitioner alleges that his right to due process under the Fifth Amendment was violated by respondents' detention of him without a bond hearing.  ECF No. 11 ¶¶ 38-40. The undersigned concludes petitioner has demonstrated his entitlement to relief on this claim by a preponderance of evidence.

The due process clause of the Fifth Amendment protects persons in the United States from being deprived of life, liberty, or property without due process of law.  Noncitizens subject to mandatory detention are not without due process rights.  *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent"); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1091-93 (E.D. Cal. 2025) (finding a liberty interest for a petitioner under § 1225(b)(1)).  The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

Courts examine procedural due process claims in two steps.  *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).  The first step asks whether a protected liberty or property interest exists, and the second step examines the constitutional adequacy of the procedures employed by the State to interfere with that interest.  *Id*.  Here, at the first step, it is unquestionable that petitioner has a liberty interest that is cognizable under the due process clause.  *See*, *e.g.*, *Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the

3

Due Process] Clause protects.").

At the second step of the analysis, to determine whether detention violates a petitioner's Fifth Amendment procedural due process rights and the amount of process a petitioner is due, courts weigh: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge. See* 424 U.S. 319, 335 (1976). Here, petitioner has shown that he has a substantial interest in his freedom from detention, relative to the first factor. Since petitioner's entry to the United States more than a decade ago, he has developed "enduring attachments of normal life," including familial connections and employment, legally indistinguishable from those experienced by a criminal parolee. *See* ECF No. 11 ¶¶ 5-7; *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); *see also Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025); *Selis Tinoco v. Noem, et al.,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *6 (E.D. Cal. Dec. 14, 2025).

Petitioner also has demonstrated that the second *Mathews* factor weighs in his favor. Without an individualized bond hearing, "the risk of erroneous deprivation," *see Mathews*, 424 U.S. at 335, through petitioner's summary detention is considerable. Petitioner's detention is only justified if he poses a flight risk or a danger to the community. *See* 8 U.S.C. § 1226(a); *Zadvydas*, 533 U.S. at 690. Without an individualized bond determination by a neutral factfinder in order to determine whether his continued detention is legally justified, the risk of erroneous deprivation of petitioner's protected liberty interests is great. *See Selis Tinoco,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *6; *Labrador-Prato,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802, at *5; *see also Demore*, 538 U.S. 510; *Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025); *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Correspondingly, the probative value of the additional procedural safeguards petitioner seeks—a determination of petitioner's bond-

4

worthiness based on individualized facts, by a neutral factfinder—is high. *See Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4.

Petitioner also has shown that the third *Mathews* factor weighs in his favor. "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez*, 872 F.3d at 994. The effort and cost required to provide petitioner with procedural safeguards are minimal. *See Selis Tinoco,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *6; *Labrador-Prato,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802, at *5; ("Custody hearings in immigration court are routine and impose a 'minimal' cost on the government.").

Accordingly, the undersigned finds respondents' interest in detaining petitioner without an individualized bond determination, at a hearing before a neutral factfinder, is low and does not outweigh petitioner's substantial liberty interest or the risk of the erroneous deprivation of same. Petitioner has thereby shown by a preponderance of evidence that his detention violates his rights under the due process clause of the Fifth Amendment, entitling him to relief on the first claim of his petition. The undersigned therefore recommends that petitioner be ordered released and respondents be ordered that any redetention of petitioner, prior to the finalization of the April 22, 2026 removal order, may only occur in the manner proscribed by 8 U.S.C. § 1226(a) and its implementing regulations.

**2. Claim Two: Violation of the Immigration and Nationality Act**

Petitioner has shown by a preponderance of the evidence that his current detention is unlawful under the Immigration and Nationality Act. *See* ECF No. 11 ¶¶ 24-34, 41-42. The thrust of petitioner's argument is that, by virtue of his having entered the United States without inspection and having resided inside the United States for many years, his detention pending the finalization of his removal proceeding is governed by 8 U.S.C. § 1226(a). ECF No. 11 ¶¶ 24-34. Respondents counter that petitioner is an "applicant for admission" within the meaning of 8 U.S.C. § 1225(a), thus subjecting him to the mandatory detention provision codified at 8 U.S.C. §

5

1225(b)(2)(A).  ECF No. 12 at 6-10.

Respondents' position is unpersuasive.  As many courts have already concluded, respondents' argument fails as a matter of statutory construction.  *See Rugama v. Chestnut*, No. 1:25-CV-1918 AC, 2025 WL 3707234, at *3 (E.D. Cal. Dec. 22, 2025) (collecting cases). Section 1225(b)(2)(A) provides that, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained."  8 U.S.C. § 1225(b)(2)(A). Respondents urge that "applicant for admission" and "an alien seeking admission" both be interpreted to include persons like petitioner, who have entered in the United States without inspection and have resided in the United States for many years at the time they were taken into detention.  This interpretation is untenable, however, because it "(1) disregards the plain meaning of [§] 1225(b)(2)(A); (2) disregards the relationship between [§§] 1225 and 1226; (3) would render a recent amendment to [§] 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice."  *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025); *see also Gomez v. Warden*, No. 2:26-CV-01003-DAD-DMC, 2026 WL 880012, at *2 (E.D. Cal. Mar. 31, 2026); *Quichimbo-Jimenez v. Warden, California City Corr. Ctr.*, No. 2:26-CV-00739-DAD-EFB, 2026 WL 679378, at *1 (E.D. Cal. Mar. 10, 2026); *Flores v. Cruz*, No. 1:26-CV-01038 DC SCR, 2026 WL 575545, at *4 (E.D. Cal. Mar. 2, 2026); *Ortiz v. Chestnut*, No. 1:26-CV-01167-DC-SCR (HC), 2026 WL 508419, at *4 (E.D. Cal. Feb. 24, 2026); *Wasef v. Chestnut*, No. 1:26-CV-01078-DAD-JDP (HC), 2026 WL 392389, at *1 (E.D. Cal. Feb. 12, 2026); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *3 (E.D. Cal. Jan. 8, 2026); *Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1324-36 (W.D. Wash. 2025).  Instead, petitioner has demonstrated that, because he is not an "applicant for admission" within the meaning of § 1225(a), he is subject to the detention provision set forth in § 1226(a). *See generally Rodriguez*, 802 F. Supp. 3d at 1324-36.  As such, he is entitled to a custody redetermination hearing before an Immigration Judge at which he shall be released if he can show he is not a danger to the community or flight risk.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196-97 (9th Cir. 2022); 8 C.F.R. §§ 236.1(d)(1), 1003.19.  By depriving petitioner of this

opportunity, respondents have violated his statutory rights under the Immigration and Nationality Act. *See, e.g.*, *Rodriguez*, 802 F. Supp. 3d at 1324-36; *Lepe*, 801 F. Supp. 3d 1104; *Lopez v. Cruz*, No. 1:26-CV-00514 DAD SCR, 2026 WL 392346, at *4 (E.D. Cal. Feb. 12, 2026), *report and recommendation adopted*, No. 1:26-CV-00514-DAD-SCR, 2026 WL 541942 (E.D. Cal. Feb. 26, 2026). On this claim, therefore, petitioner has demonstrated his entitlement to habeas corpus relief and the undersigned recommends the writ be granted.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1) Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED;

2) Respondents be ORDERED to release petitioner, Gerardo Martinez Valencia (A-240-174-372) immediately;

3) Respondents be ORDERED that, should they seek to re-detain petitioner prior to his removal order becoming final, such redetention must comply with 8 U.S.C. § 1226(a) and its implementing regulations;

4) The Clerk of Court be directed to serve the District Court's order on the Golden State Annex Detention Facility;

5) Judgment be entered in favor of petitioner and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 11, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7