UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO MARTINEZ VALENCIA, | No. 1:26-cv-02255-DAD-EFB (HC) |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| WARDEN, | (Doc. Nos. 1, 15) |
| Respondent. | |

Petitioner Gerardo Martinez Valencia is a federal immigration detainee proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 11, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of *habeas corpus* (Doc. No. 1) be granted. (Doc. No. 15.) Specifically, the magistrate judge found that petitioner's detention violates both the Immigration and Nationality Act and due process. (*Id.* at 3–7.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service. (*Id.* at 7.) To date, no objections to the findings and recommendations have been filed and the time in which to do so has passed.

/////

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.[1]

Accordingly,

1.  The findings and recommendations filed on May 11, 2026 (Doc. No. 15) are ADOPTED IN FULL;

2.  The petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows;

    a.  Respondent is ORDERED to immediately release petitioner Gerardo Martinez Valencia, A-File No. 240-174-372, from respondent's custody;

    b.  Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner with notice and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a);

---

[1]  When the findings and recommendations were filed, the magistrate judge observed that petitioner was ordered removed on April 22, 2026, but he had until May 22, 2026 to appeal that order. (Doc. No. 15 at 2.) Rule 201 of the Federal Rules of Evidence permits courts to judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). This includes information posted on official government websites. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 999 (9th Cir. 2010). The Executive Office for Immigration Review ("EOIR") adjudicates immigration cases and hosts an official government website where users may access case information, including final removal orders and appeals before the Board of Immigration Appeals ("BIA"), for individuals with open immigration cases through an automated case information system. *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/ (last accessed May 27, 2026). The court will take judicial notice of the fact that an appeal was filed in petitioner's immigration case on May 18, 2026 and remains pending before the BIA as of May 27, 2026. *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/ (searching by petitioner's A-File Number and nationality); *see also Gahuin Aisalla v. Noem*, No. 1:26-cv-1744 DJC CSK, 2026 WL 1113793, at *1 (E.D. Cal. Apr. 24, 2026) (taking judicial notice of an appeal pending before the BIA based on a search of the EOIR's automated case information system), *report and recommendation adopted*, No. 1:26-cv-1744 DJC CSK, 2026 WL 1215602 (E.D. Cal. May 4, 2026). Because the appeal remains pending, petitioner's removal order is not yet final and the magistrate judge's analysis remains fully supported. *Muhammad A. v. Noem*, No. 1:26-cv-00950-KES-SKO (HC), 2026 WL 395900, at *1 (E.D. Cal. Feb. 12, 2026) ("Here, because the order of removal is on appeal to the BIA, the order of removal is not administratively final, and therefore, the removal period has not yet begun."); 8 C.F.R. § 1241.1(a) (providing that a removal order becomes final "[u]pon dismissal of an appeal by the Board of Immigration Appeals[.]").

3.      The Clerk of the Court is directed to serve the Golden State Annex Detention Facility with a copy of this order; and

4.      The Clerk of the Court is also directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:    **May 27, 2026**                    _____
                                             DALE A. DROZD
                                             UNITED STATES DISTRICT JUDGE